■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 27, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his felony murder conviction should be reversed and the indictment dismissed because the evidence was legally insufficient to establish that the underlying felony took place has not been preserved for

appellate review, as the defendant failed to advance this argument before the trial court in support of his motion to dismiss the indictment *(see, People v Hood,* 156 AD2d 468).

In any event, we find that this claim is without merit. The codefendant Owens testified on behalf of the People that prior to the shooting, he and the codefendants Catoe and Perkins discussed a plan to rob the victim. The defendant persuaded Owens to provide him with a handgun and then went off with Catoe and Perkins. Reginald Brown, a friend of the victim and an eyewitness to his shooting, testified that immediately after the defendant shot the victim and before he (Brown) fled the scene, he observed the defendant move in the direction of the fallen victim. Brown further testified that although the victim was lying on his face when he fled the scene, by the time he returned approximately five minutes later, the victim was lying on his back. The possibility that the victim had himself changed positions during the five-minute interval was ruled out by the testimony of the People's expert witness that the single gunshot wound to the victim's head had killed him instantly. Significantly, the items recovered from the victim's body by a police officer who responded to the crime scene approximately five minutes after the shooting failed to include a watch and a bracelet which, according to the testimony of the victim's friends, he had been wearing a few hours prior to the incident.

Viewing the foregoing evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant murdered the victim in the course of robbing him. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.